UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIE MACON,

Plaintiff,

v. Case No.: 6:26-cv-01400-GAP-LHP

WONDERFUL EVERYDAY, INC.,
FOR PROFIT CORPORATION;

Defendant,
_______________________________/

**ORDER**

Pursuant to Fed. R. Civ. P. 16, the Court finds it necessary to implement a schedule tailored to meet the particular circumstances of this case. Therefore, consistent with the just, speedy and inexpensive determination of this case (Fed. R. Civ. P. 1), it is

**ORDERED** that the provisions of Rule 26(a)(1) and Local Rule 3.02 concerning the initial disclosures and filing of a case management report are hereby waived. Instead, the parties shall comply with the following schedule:

1. Within 15 days from the date of this Order, Plaintiff shall answer, under oath, the Court's Interrogatories, attached hereto as Exhibit A, serve a copy on Defendant, and file the Answers with the Court titled as a "Notice of Filing Court Interrogatories."

2. Within 30 days from the filing of the Interrogatory answers, Defendant shall permit Plaintiff's counsel and Plaintiff's expert reasonable access to inspect copies of the electronic records and data constituting the websites that Plaintiff claims to be non-compliant.

3. Within 45 days thereafter, Plaintiff shall provide Defendant with a copy of any expert report upon which Plaintiff intends to rely, consistent with the provisions of Rule 26(a)(2). Said report shall specifically address the deficiencies alleged and the proposed remediation required. Any deficiency not specifically identified in the expert report will be deemed waived.

4. Defendant shall have 30 days thereafter to serve a written response, including any Rule 26(a)(2) expert report that Defendant intends to rely upon.

5. Within 30 days following the submission of Defendant's written response, the parties shall mediate this dispute before a mediator of their choice. If they cannot agree upon a mediator, the Court will appoint one for them.

6. Until further Order of this Court, all discovery in this case is STAYED with the exception that one deposition of the Plaintiff and the deposition of each Defendant may be taken.

7. The parties shall notify the Court within 20 days after the mediation conference as to whether the parties have reached a settlement. If settlement is not achieved within the time frame set forth herein the Court will issue a

supplemental case management order and set the case for trial at the earliest practicable time.

8. If the parties reach a settlement, the settlement agreement should contain, if possible, an agreement concerning costs and attorney's fees. If the parties are unable to agree, the Court will reserve jurisdiction to determine that issue. If the parties wish the Court to enter a consent judgment, be advised that the Court will not approve or reserve jurisdiction to enforce a confidential settlement agreement.

9. Due to the volume of these cases, the Court expects strict adherence to these deadlines. Exceptions will be granted only for compelling reasons.

10. Either party, for good cause shown, may move to alter this schedule should circumstances warrant.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 23, 2026.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

**EXHIBIT A**

**COURT'S INTERROGATORIES TO INDIVIDUAL PLAINTIFF(S)**

1. Your residential address.

2. The name of your current employer and place of employment.

3. Describe the nature of your disability

4. List each of the defendant's websites (including the URL of the website) that you visited that are at issue in this case and the date(s) you visited those websites?

5. Did anyone else review or visit the defendant's website with you on the date(s) specified above? If so, state such persons' name(s) and address(es).

6. Describe the purpose of your visit to the website(s).

7. Specifically list each barrier or deficiency that you personally observed or experienced while visiting the website(s).

8. Please specify all the ways in which you allege that the defendant's website fails to comply with 28 C.F.R. 36.302(e) or with any other applicable law.

9. Did you take notes or make a contemporaneous record of these barriers (i.e., screen shots or print outs of the website)? If so, please attach a copy to these Answers.

10. Identify the physical location(s) the use and enjoyment of which was impacted by the alleged deficiencies in the defendant's website(s).

11. What is the proximity of the physical locations identified in response to the foregoing interrogatory to your home and place of employment?

12. Describe your past patronage of the defendant's business and any of the physical locations identified in response to the foregoing interrogatories.

13. Describe the definiteness of your plans to visit any physical location associated with the defendant's business, and identify the physical location(s).

14. Please list any other Title III cases in which you have been a party in this District.

________________________________________

Willie Macon

STATE OF FLORIDA
COUNTY OF ___________

The foregoing instrument was acknowledged before me by means of ___ physical presence or ___ online notarization, by Willie Macon, who being first duly sworn, deposes and says that he/she has read the foregoing Answers to Interrogatories, knows the contents of same, and to the best of his/her knowledge and belief, the same are true and correct.

SWORN TO AND SUBSCRIBED before me by means of ___ physical presence or ___ online notarization, on this _______ day of _________________________, 2026.

NOTARY PUBLIC

________________________________________

Signature of Person Taking Acknowledgment
Print Name:
Title: Notary Public
Serial No. (if any):
Commission Expires:

Notary Stamp