UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:26-cv-01400-GAP-LHP

WILLIE MACON,

Plaintiff,

vs.

WONDERFUL EVERYDAY, INC.
For Profit Corporation
d/b/a POP THAI RESTAURANT,

Defendant.
____________________________________/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, WONDERFUL EVERYDAY, INC., d/b/a POP THAI RESTAURANT ("Defendant"), by and through undersigned counsel, answers Plaintiff's Complaint as follows:

**GENERAL RESPONSE**

Defendant denies each allegation in the Complaint that is not expressly admitted below. To the extent any paragraph contains legal conclusions, characterizations of law, quotations from legal authorities, or allegations concerning documents, statutes, regulations, or websites, Defendant states that the applicable authorities, documents, and electronically stored information speak for themselves and denies any characterization inconsistent with their complete contents.

## ANSWERS TO NUMBERED ALLEGATIONS

1. Defendant admits that Plaintiff purports to bring an action concerning the website identified in the Complaint. Defendant denies that Plaintiff was unlawfully denied access to Defendant's goods or services and denies the remaining allegations.

2. Denied.

3. Defendant admits that Plaintiff requests the relief described in the Complaint but denies that Plaintiff is entitled to such relief.

### Jurisdiction and Venue

4. Defendant admits that the Complaint purports to assert a claim under Title III of the Americans with Disabilities Act and that the Court has federal-question jurisdiction over a properly pleaded claim arising under federal law. Defendant denies any remaining allegations or legal conclusions inconsistent with this Answer.

5. Defendant admits that it operates a restaurant in Orange County, Florida, and does not contest venue in the Orlando Division solely for purposes of this action. Defendant denies any remaining allegations.

6. Defendant admits that it operates a restaurant serving members of the public. Defendant further admits that information concerning the restaurant may be available through the internet. Defendant lacks sufficient knowledge to admit or deny the allegations concerning Plaintiff's internet usage, cookies placed on devices, or the location of persons who may access the website and therefore denies those allegations.

7. Defendant admits that it operates a restaurant at or near 1227 North Mills Avenue, Orlando, Florida 32803. Defendant denies any remaining allegations.

8. Defendant lacks knowledge sufficient to admit or deny Plaintiff's allegations concerning his attempted use of the website, the equipment or software he allegedly used, or his subjective experience and therefore denies those allegations. Defendant denies that it unlawfully denied Plaintiff access to its goods or services.

**Parties**

9. Defendant lacks knowledge sufficient to admit or deny Plaintiff's age, visual condition, or other personal circumstances and therefore denies the allegations.

10. Defendant lacks knowledge sufficient to admit or deny the allegations and therefore denies them.

11. Defendant lacks knowledge sufficient to admit or deny Plaintiff's medical diagnoses, functional limitations, or use of assistive technology and therefore denies those allegations. Defendant admits that blindness may constitute a disability under the ADA, depending on the facts and applicable law.

12. Defendant lacks knowledge sufficient to admit or deny Plaintiff's individual capabilities or need for technologies and therefore denies the allegations. Defendant generally admits that screen reader software can convert certain visually presented website content into audible information.

13. Defendant lacks knowledge sufficient to admit or deny the allegations concerning Plaintiff's functional limitations and therefore denies them.

14. Defendant lacks knowledge sufficient to admit or deny Plaintiff's internet usage or his use of screen-reader software and therefore denies the allegations.

15. Defendant admits that Wonderful Everyday, Inc. is a Florida for-profit corporation that operates Pop Thai Restaurant at or near 1227 North Mills Avenue, Orlando, Florida 32803. Defendant denies any remaining allegations.

16. Defendant admits that the website identified in the Complaint has provided information concerning the restaurant, including some combination of its menu, location, hours, contact information, and links relating to online ordering. Defendant denies Plaintiff's characterization of the website as an "online store" to the extent that characterization suggests Defendant sells products directly through every portion of the website and otherwise denies the allegations.

17. Defendant admits that it has had some responsibility for content associated with the website. Defendant denies that it necessarily owns, develops, maintains, or controls every component, plug-in, link, embedded feature, social-media feature, or third-party ordering platform accessible through or referenced on the website.

18. Defendant admits that its physical restaurant is open to the public and constitutes a place of public accommodation subject to Title III of the ADA. Defendant denies any remaining legal conclusions or characterizations.

19. Defendant admits that the website has provided information relating to the restaurant and may include links through which customers can access ordering services. Defendant denies the remaining allegations, including that every feature of the website is necessary to access the goods or services available at the restaurant.

20. Defendant admits that it operates a place of public accommodation and is subject to the applicable requirements of Title III. Defendant denies that the website

itself necessarily constitutes a place of public accommodation under the statutory definition, denies that every alleged technical deficiency constitutes unlawful discrimination, and denies the remaining allegations.

**Factual and Substantive Allegations**

21. Defendant lacks sufficient knowledge to admit or deny Plaintiff's claimed status as a customer, his alleged interest in patronizing the restaurant, or his future intentions and therefore denies those allegations.

22. Defendant admits that the website has provided information concerning the restaurant and may facilitate access to information or third-party ordering services. Defendant denies Plaintiff's remaining characterizations and legal conclusions.

23. Defendant admits that the website has provided certain information concerning the restaurant. Defendant denies that every feature identified in this paragraph was available or offered during the relevant period and denies the remaining allegations.

24. Defendant lacks knowledge sufficient to admit or deny Plaintiff's personal travel difficulties, reasons for using the internet, or subjective preferences and therefore denies those allegations. Defendant denies that it denied Plaintiff equal access to the restaurant's goods and services.

25. Defendant lacks sufficient knowledge to admit or deny Plaintiff's browsing habits or the number of websites he accesses and therefore denies the allegations.

26. Defendant lacks knowledge sufficient to admit or deny Plaintiff's use of particular software. Defendant denies that the website contained barriers that denied visually disabled individuals full and equal access to Defendant's goods and services.

27. Defendant lacks knowledge sufficient to admit or deny whether Plaintiff personally accessed the website on the four dates alleged, what device, browser, software, configuration, or version he allegedly used, what pages he visited, or what he intended to purchase, and therefore denies those allegations. Defendant denies that Plaintiff was unlawfully denied access to Defendant's goods or services.

28. Defendant admits that it received correspondence from Plaintiff's counsel on or about March 2, 2026. Defendant denies that it knowingly failed to correct any condition required to be corrected by the ADA.

29. Defendant lacks knowledge sufficient to admit or deny Plaintiff's claimed post-communication website visits, intentions, or subjective experience and therefore denies the allegations.

30. Denied.

**Alleged Violations of the ADA**

31. Defendant incorporates its answers to Paragraphs 1 through 30.

32. Defendant admits that the ADA was enacted in 1990 and that Title III became effective as provided by federal law. The cited statutes and regulations speak for themselves. Defendant denies any inaccurate or incomplete characterization of them.

33. The quoted statutory provisions speak for themselves. No response is required to Plaintiff's characterization of legislative findings. To the extent a response is required, Defendant denies any implication that the quoted provisions establish that Defendant violated the ADA.

34. The cited statute speaks for itself. Defendant denies any implication that the statutory purposes establish liability in this case.

35. Defendant admits that 42 U.S.C. § 12182(a) contains the quoted or substantially similar language. The statute speaks for itself. Defendant denies that it discriminated against Plaintiff.

36. Defendant denies that the quoted commentary establishes any fact concerning Defendant or establishes liability in this action.

37. Defendant denies that the allegations concerning enforcement policy, staffing, or generalized ADA compliance establish any fact concerning Defendant or any entitlement to relief.

38. Defendant admits that private litigants may bring appropriate claims under Title III when Article III standing and all statutory elements are satisfied. Defendant denies the remaining allegations and characterizations.

39. Defendant lacks knowledge sufficient to admit or deny Plaintiff's characterization of DOJ enforcement resources and denies that the allegations establish liability.

40. Defendant admits that Plaintiff filed this action. Defendant denies Plaintiff's stated characterization or purpose to the extent it implies that Defendant denied him access to the goods or services offered at the restaurant.

41. Defendant admits that its physical restaurant is a place of public accommodation. Defendant denies that the website itself is, independently, a place of

public accommodation under the statutory definition and denies all remaining allegations.

42. Defendant admits that the website has provided certain information relating to the restaurant and may link it to ordering services. Defendant denies the remaining allegations, including that any alleged website condition denied Plaintiff full and equal access to the restaurant or its goods and services.

43. Defendant admits that Title III requires covered public accommodations to provide effective communication when required by the statute and implementing regulations. Defendant denies that it failed to satisfy any applicable obligation.

44. Defendant admits that the ADA is intended to protect individuals with disabilities from unlawful discrimination. Defendant denies the remaining allegations and legal conclusions, including the claim that every website or feature of a website is subject to a specific, privately developed technical standard.

45. The cited statute speaks for itself. Defendant denies that it denied Plaintiff an opportunity to participate in or benefit from Defendant's goods or services.

46. The cited statute speaks for itself. Defendant denies that it provided Plaintiff with an unequal opportunity to participate in or benefit from Defendant's goods or services.

47. Defendant admits that 42 U.S.C. § 12182(b)(2)(A) and 28 C.F.R. § 36.303 contain requirements and limitations concerning reasonable modifications and auxiliary aids and services. Those authorities speak for themselves. Defendant denies that any modification or auxiliary aid required by law was withheld and affirmatively

alleges that the statute does not require a modification that would fundamentally alter the relevant goods or services or impose an undue burden.

48. Defendant admits that the regulations identify examples of auxiliary aids and services. The regulations speak for themselves. Defendant denies that they mandate a particular website design, particular coding technique, or across-the-board compliance with WCAG 2.1.

49. Defendant admits that 28 C.F.R. § 36.303 addresses auxiliary aids and effective communication. Defendant denies that Plaintiff was denied effective communication, denied the restaurant's goods or services, or provided inferior goods or services. Defendant further denies that any actionable violation was ongoing when this action was filed or remains ongoing.

50. Defendant lacks knowledge sufficient to admit or deny Plaintiff's claimed personal experience during each alleged website visit and therefore denies those allegations. Defendant denies that the alleged technical conditions, individually or collectively, prevented Plaintiff from obtaining information about, communicating with, ordering from, or patronizing the restaurant. As to the separately lettered allegations within Paragraph 50:

a. Defendant denies that the existence of multiple level one headings, if any, constituted an insurmountable barrier or a violation of the ADA.

b. Defendant denies that the alleged absence of a "skip to main content" link constituted a denial of access or a violation of the ADA.

c. Defendant denies that any allegedly missing alternative text associated with a logo denied Plaintiff access to Defendant's goods or services or constituted a violation of the ADA.

d. Defendant denies that allegedly unnecessary alternative text associated with decorative images denied Plaintiff access to Defendant's goods or services or constituted a violation of the ADA.

e. Defendant denies that any menu or menu item was inaccessible in a manner that denied Plaintiff access to Defendant's goods or services or violated the ADA.

f. Defendant denies that any submenu condition denied Plaintiff access to Defendant's goods or services or violated the ADA.

g. Defendant denies that the heading levels identified in the Complaint denied Plaintiff access to Defendant's goods or services or violated the ADA.

h. Defendant denies that the manner in which "Follow us on Instagram" was identified denied Plaintiff access to Defendant's goods or services or violated the ADA.

i. Defendant denies that any "Load more" button denied Plaintiff access to Defendant's goods or services or violated the ADA.

j. Defendant denies that the operation of the address link denied Plaintiff access to Defendant's goods or services or violated the ADA. Defendant further denies that WCAG 2.1 is incorporated wholesale into Title III or that an alleged deviation from a WCAG success criterion, standing alone, establishes an ADA violation.

51. Defendant lacks knowledge sufficient to admit or deny whether Till Paris visited the website on the date alleged, the testing procedures or software he used, his qualifications, or the accuracy and completeness of his conclusions and therefore denies those allegations. Defendant denies that Plaintiff's consultant's opinions establish a violation of Title III.

52. Defendant denies that speculative, unidentified conditions that may be discovered in the future state a claim for relief.

53. Defendant admits that various voluntary website-accessibility guidelines and development practices exist. Defendant denies that all such guidelines carry the force of law, denies that alleged changes are necessary to provide effective communication, and denies that the alleged changes would necessarily be feasible, within Defendant's control, or free from undue burden or fundamental alteration concerns.

54. Denied.

55. Denied.

56. Defendant admits only that the Complaint contains allegations concerning the website. Defendant denies the remaining allegations.

57. Defendant admits that it received correspondence from Plaintiff's counsel on or about March 2, 2026, but denies that it failed to act reasonably or knowingly maintained an unlawful barrier.

58. Defendant denies that any act or omission by Defendant proximately caused Plaintiff a legally cognizable injury. Defendant further denies that Plaintiff was denied full and equal access to the restaurant or its goods and services.

59. Defendant denies that Plaintiff is entitled to injunctive relief. Defendant further states that 42 U.S.C. § 12133 concerns remedies under Title II and denies that it supplies Plaintiff with a remedy against this private Defendant under Title III.

60. Defendant denies that Plaintiff is entitled to declaratory or injunctive relief under 28 U.S.C. §§ 2201 or 2202.

61. Defendant admits that Plaintiff has retained counsel. Defendant denies that Plaintiff is presently entitled to recover attorney's fees, expenses, or costs from Defendant.

62. Defendant admits that 42 U.S.C. § 12188 authorizes certain relief for a proven violation of Title III. Defendant denies that Plaintiff has established a violation or entitlement to relief and denies that the Court may impose relief exceeding the requirements and limitations of the ADA, Article III, Federal Rule of Civil Procedure 65, or other applicable law.

Defendant specifically denies that Plaintiff is entitled to any of the relief requested in subparagraphs 62(a) through (c) or paragraphs A through L of the prayer for relief. The requested relief is unnecessary, vague, overbroad, disproportionate, beyond the scope of Plaintiff's alleged injury, and, in several respects, not required by Title III.

## AFFIRMATIVE DEFENSES

Without assuming a burden of proof that would otherwise rest with Plaintiff, Defendant asserts the following affirmative and other defenses:

### First Affirmative Defense

### Lack of Article III Standing

Plaintiff lacks standing to obtain prospective relief because he has not suffered a concrete and particularized injury traceable to Defendant that creates a real and immediate threat of future harm. Among other things, Plaintiff alleges only generalized interests in comparing restaurant offerings and patronizing the restaurant at an unspecified future time. He does not allege a definite future visit, a particular

transaction he was unable to complete, a particular product he intended to purchase, or facts demonstrating that any alleged technical condition will imminently injure him again.

**Second Affirmative Defense**

**No Denial of Full and Equal Enjoyment**

Defendant did not exclude Plaintiff from, or deny Plaintiff full and equal enjoyment of, the goods, services, facilities, privileges, advantages, or accommodations of Defendant's physical restaurant. Information and services concerning the restaurant were available through alternative channels, including telephone and in-person communication, and Plaintiff does not allege facts establishing that he attempted to use those channels or was denied service through them.

**Third Affirmative Defense**

**Effective Communication**

Defendant provided, or was prepared to provide, effective communication through reasonable and appropriate means. Title III requires effective communication in the circumstances; it does not necessarily require that every item of information be provided through Plaintiff's preferred method or that every website component operate identically for every device, browser, screen reader, or software configuration.

**Fourth Affirmative Defense**

**Website Is Not Independently a Place of Public Accommodation**

To the extent Plaintiff alleges that the website itself constitutes a "place of public accommodation," the claim fails because the statutory categories in 42 U.S.C. § 12181(7) identify physical places. Defendant preserves the position that Title III does not independently regulate a website detached from an actionable denial of access to goods or services at a covered physical place.

**Fifth Affirmative Defense**

**No Actionable Nexus or Intangible Barrier**

The alleged website conditions did not operate as an intangible barrier preventing Plaintiff from accessing the restaurant's goods or services. The website was not the exclusive means of obtaining Defendant's menu, hours, location, ordering assistance, or food, and any allegedly inaccessible feature did not prevent Plaintiff from visiting, communicating with, ordering from, or purchasing food from the restaurant.

**Sixth Affirmative Defense**

**WCAG Is Not a Binding Statutory Standard**

WCAG 2.1 is a privately developed technical guideline and has not been incorporated wholesale into Title III or its regulations as the mandatory standard governing Defendant's website. An alleged failure to satisfy a WCAG success criterion does not, without proof of an actual denial of effective communication or access to a covered good or service, establish liability under Title III.

**Seventh Affirmative Defense**

**Reasonable Modifications Were Not Necessary**

The modifications demanded by Plaintiff were not necessary to provide Plaintiff access to Defendant's goods and services. To the extent reasonable modifications were necessary, Defendant provided them, offered functionally equivalent alternatives, or was willing to provide them upon an individualized request.

**Eighth Affirmative Defense**

**Fundamental Alteration and Undue Burden**

Some or all of the modifications, auxiliary aids, continuing monitoring obligations, vendor requirements, training programs, quarterly testing, reporting requirements, and other relief demanded by Plaintiff would fundamentally alter Defendant's services or impose undue financial or administrative burdens when evaluated considering Defendant's size, resources, technical capabilities, and degree of control.

**Ninth Affirmative Defense**

**Lack of Ownership or Control Over Third-Party Content**

Defendant did not own, develop, operate, or exercise sufficient control over all third-party platforms, embedded applications, plug-ins, social-media content, ordering systems, maps, links, or vendor services referenced in the Complaint. Defendant cannot be held liable for technical conditions it did not create and lacked the legal or practical ability to alter.

**Tenth Affirmative Defense**

**Mootness**

After learning of the concerns asserted by Plaintiff, Defendant undertook reasonable measures to investigate and, where appropriate, remediate the website and improve its accessibility. To the extent the conditions alleged in the Complaint no longer exist and are not reasonably likely to recur, Plaintiff's claim for prospective declaratory and injunctive relief is moot.

**Eleventh Affirmative Defense**

**Isolated or Temporary Interruption**

To the extent Plaintiff experienced any difficulty, it resulted from an isolated or temporary interruption, maintenance issue, third-party malfunction, incompatibility among combinations of software and browsers, or other transitory condition rather than a continuing denial of access. Such an isolated or temporary interruption does not establish a violation of Title III.

**Twelfth Affirmative Defense**

**Failure to State a Claim Based on Speculative Future Conditions**

Plaintiff cannot obtain relief based on his allegation that additional, unidentified violations "may be present" and might be discovered during litigation. Relief must be based on an actual or imminent injury caused by a specifically identified condition, not speculation concerning conditions that may later be found.

**Thirteenth Affirmative Defense**

**Requested Injunction Is Overbroad and Impermissibly Vague**

The requested injunction is broader than Plaintiff's alleged injury and would impermissibly require Defendant to obey the law generally, conform to undefined "applicable accessibility guidelines," compel independent third parties to act, submit recurring reports to Plaintiff's counsel, and accept indefinite judicial supervision. Such relief would violate Article III, Rule 65(d), and the statutory limitations on private Title III remedies.

**Fourteenth Affirmative Defense**

**Relief Exceeds the Remedies Authorized by Title III**

Plaintiff is not entitled to impose his preferred accessibility policy, a universal disability logo, a specific coordinator, mandatory annual training, quarterly testing, twelve reports to counsel, or perpetual monitoring, absent proof that each measure is necessary and authorized to remedy Plaintiff's own concrete injury. A private Title III plaintiff may seek only appropriate prospective relief addressing a proven statutory violation.

**Fifteenth Affirmative Defense**

**Declaratory Relief Is Unavailable or Duplicative**

Plaintiff's request for a declaration concerning past conduct is retrospective, would not independently redress an imminent future injury, and is duplicative of his

request for an injunction. The Declaratory Judgment Act does not create an independent cause of action or expand the remedies available under Title III.

**Sixteenth Affirmative Defense**

**Failure to Satisfy Equitable Requirements**

Plaintiff cannot establish the requirements for permanent injunctive relief, including an actual and ongoing violation, irreparable injury, inadequacy of legal remedies, a favorable balance of hardships, and consistency with the public interest. The intrusive relief requested would impose burdens disproportionate to any alleged injury.

**Seventeenth Affirmative Defense**

**Lack of Causation and Redressability**

Any difficulty Plaintiff allegedly experienced may have resulted from his device, operating system, browser, screen-reader software, settings, extensions, internet connection, or a third-party application. Plaintiff cannot establish that Defendant caused the alleged difficulty or that the broad relief requested would redress it.

**Eighteenth Affirmative Defense**

**Reservation Based on Continuing Investigation**

Discovery has not commenced or is incomplete, and Plaintiff possesses information concerning his alleged visits, testing methods, equipment, software, intent to patronize the restaurant, and claimed future injury. Defendant reserves the right to

amend this Answer and assert additional defenses as permitted by the Federal Rules of Civil Procedure and the Court's scheduling order.

**WHEREFORE**, Defendant respectfully requests that the Court:

A. enter judgment in favor of Defendant and against Plaintiff;

B. dismiss the Complaint and deny all declaratory and injunctive relief;

C. determine that Plaintiff is not entitled to recover attorney's fees, expert expenses, or costs from Defendant;

D. award Defendant its taxable costs and any other relief authorized by applicable law; and

E. grant such other relief as the Court deems just and proper.

Dated: August 3, 2026
Boca Raton, FL

Respectfully submitted,

**Daniel R. Levine**
DANIEL R. LEVINE, ESQ.
Florida Bar No. 0057861
E-Mail: DRL@LevineFrank.com
LEVINE FRANK PLLC
3837 NW Boca Raton Blvd., Suite 200
Boca Raton, FL 33431
Telephone: (561) 658-1102
Counsel for Defendant